In the Matter of CHRISTOPHER T. RAGUCCI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 1987

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Christopher T. Ragucci,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Christopher T. Ragucci was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, First Department, on April 15, 1985. At all relevant times, respondent has maintained an

office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) served respondent on July 17, 1986 with a notice and statement of charges alleging that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility and conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6). A hearing was held before a Hearing Panel of the DDC. The Panel found that on or about September 6, 1985 respondent found a pension check in the amount of $194.06 made out to one Sadie Sforza on the floor of the lobby of the apartment building where both he and Sforza resided at the time. Respondent pocketed the check and later that day endorsed the check to his order by signing Ms. Sforza's name and deposited it into his personal bank account. Some six months later, Sforza, in a chance encounter, confronted the respondent with these facts which she had recently learned. Respondent said nothing and left but later attempted to make restitution by slipping a check, in the sum of $250, along with a note, under her door. Sforza returned the check by slipping it back under the door of respondent's apartment. The Hearing Panel sustained the charges against respondent.

Upon a review of the record, we confirm the findings of fact and conclusions of law of the Hearing Panel.

In mitigation, the Hearing Panel accepted the testimony that the incident was a singular and aberrational event and an isolated deviation from respondent's usual behavior. It also found significant that after the uncovering of this incident, the respondent sought psychiatric care and continues to undergo treatment. The treating psychiatrist testified before the Hearing Panel and persuasively demonstrated that respondent was suffering from a stressful "adjustment disorder" at the time of the incident and that such aberrant behavior is unlikely to recur. Substantial character evidence was also offered attesting to respondent's previously unblemished background and his extreme contrition at this incident which was inexplicably out of character.

While the Hearing Panel, based upon its review of respondent's background and the various mitigating factors, has recommended a public censure, with a dissenting vote for a private reprimand, we find that the serious misconduct here

involved requires a more stringent penalty and that the appropriate sanction is that respondent be suspended from the practice of law for a period of two years.

Accordingly, respondent is suspended from the practice of law for two years and until further order of this court.

SANDLER, J. P., CARRO, KASSAL, ELLERIN and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective October 29, 1987, and until the further order of this court.